UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TARGET CONSTRUCTION, INC. | CIVIL ACTION |
| VERSUS | NO. 12-01820 |
| BAKER PILE DRIVING & SITE WORK, LLC | SECTION "L" (4) |

## ORDER & REASONS

Before the Court are cross motions for partial summary judgment. (Rec. Docs. 25, 28). The Court has reviewed the briefs and applicable law and now issues this Order and Reasons.

**I.    BACKGROUND**

The matter arises out of the sale of a 1967 Model 1999 120-ton American Crane, bearing the serial number GS9928 ("the Crane") in 2011. In August of that year, the parties agreed that Plaintiff Target Construction, Inc. ("Target") would provide the Crane to Defendant Baker Pile Driving & Site Work, LLC ("Baker"), and in exchange, Baker would pay Target $40,000 and extinguish Target's preexisting $120,450 debt to Baker. Target drafted a proposed sales agreement on August 30, 2011, and e-mailed it to Baker on September 1, 2011. (Rec. Doc. 25-2 at 11-12). While the parties do not dispute the existence of *an* agreement, they do disagree as to its terms. Neither party provides any indication that the proposed sales agreement was executed.

In negotiating the agreement, Target recognized that it would need to have a Banc of America Leasing & Capital, LLC ("Banc of America") security interest removed from the Crane. Baker was made aware of the security interest and argues that under the terms of the sale, payment would become due only after Target had furnished proof that it had obtained the release of all encumbrances on the Crane (that is, it would provide free and clear title).

In September 13, 2011, Baker took possession of the Crane. On November 2, 2011, Target e-mailed Baker a copy of a substitution of collateral agreement and, according to Baker, represented that the security interest had been released. However, the substitution of collateral had not been executed by Banc of America and had not been recorded. Baker responded by requesting a fully executed copy. On November 3, 2011, Target e-mailed Baker a financing statement amendment form that *had* been executed by Banc of America, but that described a different piece of equipment bearing a different serial number.

On November 14, 2011, Target demanded full payment by the following day or it would not sell the Crane. Target contends that it had already provided free and clear title at this point. On March 15, 2012, Target sent Baker a letter stating that it had not understood Baker's request for the release and asserted that Baker was possessing the Crane on a rental basis only. On April 9, 2012, the financing statement amendment was filed in the records of the Texas Secretary of State, removing Banc of America's security interest in the Crane. Target contends that the security interest had been released prior to April 9, 2012. However, until Target filed its motion for summary judgment on May 1, 2013, Baker alleges that it had never received a fully executed copy of the financing statement amendment.

## II.     PRESENT MOTIONS

The parties now submit cross motions for partial summary judgment. (Rec. Docs. 25, 28). Both motions address the same four counterclaims made by Baker against Target: breach of contract, breach of duty of good faith and fair dealing, misrepresentation, and specific performance. Both Plaintiff Target and Defendant Baker argue that they are entitled to summary judgment as to each of these claims.

**III.   LAW & ANALYSIS**

    **A.   Standard of Review**

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). Furthermore, the nonmoving party "cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, a court reviews the facts and draws all reasonable inferences in the light most favorable to the nonmovant. *Id.* at 725. "On cross-motions for summary judgment, we review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001). "In the context of contract interpretation, only when there is a choice of reasonable interpretations of the contract is there a material fact issue concerning the parties' intent that would preclude summary judgment." *Amoco Prod. Co. v. Texas Meridian Res. Exploration, Inc.*, 180 F.3d 664, 669 (5th Cir.1999).

3

### B. Analysis

#### 1. Breach of Contract

First, Baker alleges that Target breached its obligation to sell the Crane to Baker by failing to provide free and clear title under the agreement and by attempting to dissolve the agreement. While the parties do not dispute that an agreement existed, they do dispute its terms. The draft of the sales agreement was never signed, so it is not clear as to what, if any, contract existed. It is apparent that there is a choice of reasonable interpretations of the agreement, and therefore, there is a material issue of fact concerning the parties' intent that precludes summary judgment.

#### 2. Breach of Duty of Good Faith and Fair Dealing

Second, Baker alleges that Target breached its obligation of good faith and fair dealing by failing to obtain a release of the security interest in the crane, misrepresenting to Baker that it had obtained the release when it had not done so, purporting to dissolve the contract to sell and retroactively charge rent for the crane, failing to disclose the release of the security interest to Baker, and willfully failing to sell the crane after the security interest had been released. As above, the disputed terms of the agreement are a material issue of fact. Without knowing whether the agreement required the transfer of free and clear title, it is not possible to determine whether Target breached its obligation of good faith and fair dealing.

#### 3. Misrepresentation

Third, Baker alleges that Target misrepresented that it had obtained a release of the security interest in the crane and that it failed to disclose that it had obtained the release until it filed its motion for summary judgment. When Target obtained the security interest and when Target communicated that to Baker are disputed material issues of fact. Further, the uncertainty

4

over whether the agreement required the transfer of free and clear title prevents an assessment of Target's duty to Baker.

### 4. Specific Performance

Last, Baker alleges that it is entitled to a judgment ordering Target to specifically perform its contractual obligation to sell the Crane to Baker free and clear of all liens and encumbrances. Without knowing the terms of the agreement or whether those terms have been breached, the issue of whether (and what) specific performance should be ordered or, alternately, whether the agreement should be resolved is premature.

## IV. CONCLUSION

For the forgoing reasons, the Court finds that genuine issues of material fact exist that preclude partial summary judgment.

**IT IS ORDERED** that the cross motions for partial summary judgment (Rec. Docs. 25, 28) are **DENIED**.

**IT IS FURTHER ORDERED** that oral argument on the choice-of-law issue will be heard on September 4, 2013, at 9:00 a.m. in the Courtroom of Judge Eldon E. Fallon.

New Orleans, Louisiana, this 30th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE